**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>JOSE LUIS SANCHEZ-VALENCIA,<br>Defendant. | NO. 2:22-CR-00063-JCC<br><br>~~PROPOSED~~ ORDER GRANTING MOTION TO CONTINUE TRIAL |

This matter comes before the Court on the Defendant's unopposed motion to continue trial (Dkt. No. 33). He asks that the trial be moved from December 7, 2026, to March 8, 2027, with a pretrial motions deadline of December 8, 2026, and an initial expert witness disclosure of 1/8/2027. He has submitted a speedy trial waiver which waives his right to a speedy trial through April 30, 2027. The government does not oppose the continuance. Given the complexity of the case, and the substantial and ongoing discovery, a continuance is warranted.

The Government has disclosed substantial discovery. The Government has filed a notice of related case to United States v. Gomez-Marentes (CR20-092) and United States v. Valdez-Sanudo (CR20-217), both of which arose out of many months of wiretap investigations. The combined discovery produced to date involves 24 discovery productions that go through Bates Stamp 172212.

Defense counsel needs sufficient time to review the discovery, investigate the case, and evaluate the potential criminal exposure.

Based on this record the Court finds that:

1. Taking into account the exercise of due diligence, a failure to grant a continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, due to counsel's need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv)
2. A failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i)
3. The additional time requested is a reasonable period of delay, as the defendant has requested more time prepare for trial, to review the evidence, consider possible defenses, and gather evidence material to the defense, as set forth in 18 U.S.C. § 3161(h)7)(B)(iv)
4. The ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendant in any speedier trial, as set forth in 18 U.S.C. § 3161(h)(7)(A)
5. That this is a complex case due to the volume of discovery to be provided, and that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself as those dates are currently set, within the meaning of 18 U.S.C. sec. 3161(h)(7)(B)(ii)
6. The additional time requested between the current trial date and the new trial date is necessary to provide counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, the Court ORDERS the following:

1. The Unopposed Motion to Continue the Trial and Pretrial Motions Deadline is GRANTED.

2. The current trial date of December 7, 2026 is STRICKEN and RESET to March 8, 2027.
3. Pretrial motions must be filed no later than December 8, 2026.
4. The United States has until January 8, 2027 to provide notice of expert testimony that it intends to use in its case in chief, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(i). The defense has 7 days after this initial disclosure to provide notice of expert testimony that it intends to use, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C)(i). The United States has 7 days after the defense disclosure to provide notice of expert testimony that it intends to use in rebuttal to counter expert testimony that the defense has disclosed, pursuant Federal Rule of Criminal Procedure 16(a)(1)(G)(i).
5. The period of delay from the date of this order to the new trial date is excludable time pursuant to 18 U.S.C. secs. 3161(h)(7)(A) and (h)(7)(B)(i), (ii), and (iv).

Dated this 15th day of September 2026.

John C. Coughenour
United States District Judge